IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| KOZO YAMAGISHI, ) | CIVIL NO. 10-00299 JMS/KSC |
| ) | |
| Plaintiff, ) | ORDER DENYING |
| ) | DEFENDANT'S MOTION TO |
| vs. ) | DISMISS |
| ) | |
| KATSUHIDE SATO, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS**

**I. INTRODUCTION**

On May 20, 2010, Plaintiff Kozo Yamagishi ("Plaintiff") filed this action alleging claims against Defendant Katsuhide Sato ("Defendant") for breach of contract, unjust enrichment, and specific performance based on Defendant's alleged failure to honor an oral agreement in which Defendant agreed to pay Plaintiff certain monies from rent and sale of real property located at 160 East Ontario Street, Chicago, Illinois (the "Chicago Property").

Currently before the court is Defendant's Motion to Dismiss, in which he argues, among other things, that this action should be dismissed because the parties entered into an integrated written agreement which bars any claim based on oral agreement, and that Hawaii is an inconvenient forum. Based on the following, the court DENIES Defendant's Motion to Dismiss.

## II.  BACKGROUND

**A.     Factual Background**

As alleged in the Complaint, as of August 31, 1999, Plaintiff and Defendant were shareholders in several corporations.  Specifically, Plaintiff held sixty-five shares and Defendant held thirty-five shares in Hatsuhana of USA, Inc. ("Hatsuhana USA"), a New York corporation.  Compl. ¶ 5.  In turn, Hatsuhana USA owned all the stock in Hatsuhana Shoji, Inc. ("Hatsuhana Shoji"), an Illinois corporation.  *Id.* ¶ 6.  Plaintiff also held forty-seven percent of the shares and Defendant held fifty-three percent of the shares in Hatsuhana International, Inc. ("Hatsuhana International"), an Illinois corporation.  *Id.* ¶ 7.  In turn, Hatsuhana International owned all of the stock in Hatsuhana Hawaii, Inc. ("Hatsuhana Hawaii"), a Hawaii corporation.  *Id.* ¶ 8.  Hatsuhana USA, which owned three restaurants and all the stock in Hatsuhana Shoji, had more assets than Hatsuhana Hawaii, which owned only one restaurant.  *Id.* ¶ 10.

The Complaint alleges that on August 31, 1999, Plaintiff and Defendant entered into a written agreement (1) to merge Hatsuhana USA with Hatsuhana International such that Hatsuhana USA was the only surviving entity and owned all the stock in Hatsuhana Shoji and Hatsuhana Hawaii; (2) for Plaintiff to surrender his shares in Hatsuhana USA to Defendant in return for Hatsuhana

USA transferring all shares of Hatsuhana Hawaii to Plaintiff; and (3) to extinguish a debt in the amount of $1,006,000 owed by Hatsuhana Hawaii to Hatsuhana USA. *Id.* ¶ 11.

To make the transfer equitable, the Complaint alleges that the parties also entered into an oral agreement on this same date in which Defendant individually agreed that (1) Plaintiff would receive one half of the net proceeds for the sale of the Chicago Property, and (2) Defendant would pay Plaintiff $5,000 a month until the Chicago Property was sold, representing a portion of the rent proceeds. *Id.* The parties entered these agreements in Hawaii, and the oral agreement was witnessed and confirmed by other individuals. *Id.*

On June 15, 2001, Defendant traveled to Hawaii and gave Plaintiff $200,000 in cash as payment toward the oral agreement. *Id.* ¶ 12.

In July 2006, Hatsuhana USA sold the Chicago property for approximately $3,943,082. *Id.* ¶ 13. Given Plaintiff's interest in the net proceeds from the sale, Defendant advised Plaintiff on the status of the sale on a weekly basis. *Id.* Shortly after the sale, however, Defendant ceased communications with Plaintiff. *Id.* In April 2007, Plaintiff met with Defendant's son, who informed Plaintiff that Defendant would pay the monies owed, but that Defendant wanted Richard Fukuda involved in the negotiations. *Id.* ¶ 14.

When Fukuda met with Defendant, Defendant acknowledged that there were monies due and owing to Plaintiff, but believed his payment of $200,000 in 2001 had settled the amount due. *Id.* ¶ 16. Defendant also sent Fukuda all of the relevant tax returns for Hatsuhana USA and materials relating to the sale of the Chicago Property. *Id.* Ultimately, Defendant refused to pay any additional monies to Plaintiff. *Id.* ¶ 17.

Based on information he received from Noriyoshi Hishikawa, a former employee of Hatsuhana USA and independent accountant, Plaintiff asserts that the net proceeds from the sale of the Chicago Property was $2,550,000. *Id.* ¶ 18. Plaintiff further asserts that Defendant owes Plaintiff $315,000 in monthly rent. *Id.* ¶ 19.

**B.   Procedural Background**

On May 20, 2010, Plaintiff filed his Complaint alleging claims for (1) breach of contract, (2) unjust enrichment, and (3) specific performance of oral agreement. On July 22, 2010, Defendant filed his Motion to Dismiss. Plaintiff filed an Opposition on September 13, 2010, and Defendant filed a Reply on September 23, 2010.[1]

---

[1] Pursuant to Local Rule 7.2(d), the court finds that it can determine Defendant's Motion to Dismiss without a hearing.

## III. **STANDARDS OF REVIEW**

### A. **Motion to Dismiss Pursuant to Rule 12(b)(6)**

Federal Rule of Civil Procedure 12(b)(6) permits a motion to dismiss a claim for "failure to state a claim upon which relief can be granted[.]"

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Weber v. Dep't of Veterans Affairs*, 521 F.3d 1061, 1065 (9th Cir. 2008). This tenet -- that the court must accept as true all of the allegations contained in the complaint -- "is inapplicable to legal conclusions." *Iqbal*, 129 S. Ct. at 1949. Accordingly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949 (citing *Twombly*, 550 U.S. at 556). Factual allegations that only permit the court to infer "the mere possibility of misconduct" do not show that the pleader is entitled to relief. *Id.* at 1950.

**B.     28 U.S.C. § 1404(a):  Forum non Conveniens**

A motion to transfer venue pursuant to 28 U.S.C. § 1404(a) should be granted only where the defendant "make[s] a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum."  *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986).

## IV.  <u>DISCUSSION</u>

Defendant argues that this action should be dismissed because (1) the parties entered into an integrated written agreement, barring any claim based on an oral agreement; (2) Plaintiff's claim for unjust enrichment cannot stand where an express contract exists between the parties; (3) the Complaint fails to make any specific allegations as to Defendant; and (4) Hawaii is an inconvenient forum.  The court addresses these arguments in turn.

**A.     Whether the Parties' Written Agreement Bars Plaintiff's Claim for Breach of Oral Agreement**

Defendant argues that this action, based on an alleged oral agreement, should be dismissed because the parties entered into a written agreement with an integration clause such that the parol evidence rule bars this oral agreement. Regardless of what the written agreement provides,[2] as explained below, the court

---

[2] Because the court finds that Defendant's Motion raises a factual question inappropriate for determination on a Rule 12(b)(6) motion, the court need not address Defendant's request for
(continued...)

rejects Defendant's argument because whether an agreement is integrated requires the court to make a factual determination not appropriate on a Rule 12(b)(6) motion.

The parol evidence rule only applies if an agreement is integrated -- if so, "[a]bsent an ambiguity, [the] contract terms should be interpreted according to their plain, ordinary, and accepted sense in common speech." *Found. Int'l, Inc. v. E.T. Ige Constr., Inc.*, 102 Haw. 487, 495, 78 P.3d 23, 31 (2003) (citation and quotations omitted).[3] Thus, "a prerequisite to the application of the [parol evidence rule] is that there must first be a finding by the trial court that the writing was intended to be the final and, therefore, integrated expression of the parties' agreement." *Matter of O.W. Ltd. P'ship*, 4 Haw. App. 487, 491, 668 P.2d 56, 60 (1983) (citing Restatement (Second) of Contracts §§ 209 comment c, 210 comment b, 213 comment b (1981)) (additional citations omitted); *see also State Farm Fire & Cas. Co. v. Pac. Rent-All Inc.*, 90 Haw. 315, 324, 978 P.2d 753, 762 (1999) (stating "absent fraud, duress, mistake or ambiguity, extrinsic evidence is excluded *once it is determined that a contract is fully integrated*") (emphasis added).

---

[2](...continued)
judicial notice of the written agreement or the June 15, 2001 receipt. *See* Def.'s Mot. 3-4.

[3] Because both parties apply Hawaii law, and the agreement(s) at issue were entered into in Hawaii and involve a Hawaii business, the court outlines the parol evidence rule under Hawaii law.

"[A]n agreement is integrated where the parties thereto adopt the writing or writings as the final and complete expression of the agreement and an 'integration' is the writing or writings so adopted." *Pancakes of Haw., Inc. v. Pomare Props. Corp.*, 85 Haw. 300, 310 n.6, 944 P.2d 97, 107 n.6 (Haw. App. 1997) (citing *Black's Law Dictionary* 809 (6th ed. 1990) (citation omitted)). Whether a contract is integrated is a question for the court, Restatement (Second) of Contracts § 210(3), and that the contract includes "an explicit declaration that there are no other agreements between the parties" may not be conclusive. Restatement (Second) of Contracts § 209 comment b. In determining whether a contract is integrated, the court may use all available evidence in reaching this determination.

> That a writing was or was not adopted as a completely integrated agreement may be proved by any relevant evidence. A document in the form of a written contract, signed by both parties and apparently complete on its face, may be decisive of the issue in the absence of credible contrary evidence. But a writing cannot of itself prove its own completeness, and wide latitude must be allowed for inquiry into circumstances bearing on the intention of the parties.

Restatement (Second) of Contracts § 210 comment b; *see also United Pub. Workers, AFSCME, Local 646, AFL-CIO v. Dawson Int'l, Inc.*, 113 Haw. 127, 141, 149 P.3d 495, 509 (2006) (citing Restatement (Second) of Contracts

§ 210 comment b); *Pancakes*, 85 Haw. at 311, 944 P.2d at 108 ("[W]here the parties reduce an agreement to a writing [that] in view of its completeness and specificity reasonably appears to be a complete agreement, it is taken to be an integrated agreement unless it is established by other evidence that the writing did not constitute a final expression." (citing Restatement (Second) of Contracts § 214 comment c, at 134 (1981))); *Matter of O.W. Ltd. P'ship*, 4 Haw. App. at 491, 668 P.2d at 60 ("All relevant evidence bearing on the threshold question of whether the agreement is an 'integrated' one is admissible.") (citations omitted).

        This framework makes clear that to determine whether an agreement is integrated -- even where it includes an integration clause -- the court must consider all available evidence regarding the intentions of the parties. Because the parties must be given the opportunity to present evidence, Defendant's argument for dismissal pursuant to Rule 12(b)(6) is improper. The court therefore DENIES Defendant's Motion to the extent it seeks dismissal on the basis that parole evidence rule bars Plaintiff's claims.

**B.**    **Unjust Enrichment**

        Defendant argues that Plaintiff's unjust enrichment claim should be dismissed because such an equitable remedy is not available where as here, an express written agreement exists between the parties. Def.'s Mot. 14-15. Based on

the following, the court disagrees.

"While it is stated that an action for unjust enrichment cannot lie in the face of an express contract, a contract does not preclude restitution if [the contract] does not address the specific benefit at issue." *Porter v. Hu*, 116 Haw. 42, 54, 169 P.3d 994, 1006 (Haw. App. 2007) (citations omitted). In other words, where a written contract does not provide for redress of the specific harm alleged, a claim for restitution and/or unjust enrichment may stand. *Id.*

The Complaint alleges that the parties entered into a written agreement to divide ownership of several companies, and entered into a separate oral agreement regarding the payment from monies derived from a property owned by one of those companies. As explained above, the court cannot determine whether the written agreement was integrated on a motion to dismiss and in that same regard, the court cannot determine whether the written agreement addresses the same benefits provided by the oral agreement such that Plaintiff's unjust enrichment claim is precluded. The court therefore DENIES Defendant's Motion to Dismiss Count II of the Complaint.

**C.     Whether the Allegations Against Defendant Are Sufficient**

Defendant argues that the Complaint should be dismissed because Plaintiff failed to include any specific allegations regarding Defendant, and it is

unclear whether Plaintiff brings this action against Defendant in his individual capacity or in his official capacity on behalf of a corporate entity. Contrary to Defendant's argument, the Complaint specifically alleges that

> Defendant *individually* agreed that (a) upon the sale of certain real property owned by Hatsuhana USA located in Chicago, Illinois, that Plaintiff would individually receive one-half of the 'net' proceeds from the sale of this real property in 'cash' and (b) that Defendant would individually pay Plaintiff $5,000.00 a month, which represented a portion of the rent proceeds from the Chicago Building, with said obligation to continue from September 1, 1999 until the Chicago Building was sold.

Compl. ¶ 11 (emphasis added); *see also id.* ¶¶ 12-17 (outlining actions taken by Defendant). The allegations in the Complaint make clear that Defendant, in his individual capacity, allegedly entered into an oral agreement, which is the basis of this action. While Defendant argues that he could have entered into such agreement *only* as the corporate representative of Hatsuhana USA, Def.'s Reply 8, the Complaint alleges that Defendant entered into this contract in his individual capacity and the court accepts this allegation as true for purposes of this Motion. The court therefore DENIES Defendant's Motion to the extent it argues that the Complaint does not give Defendant fair notice of the claims against him.

**D.     Forum Non Conveniens**

Defendant argues that this action should be dismissed pursuant to the

doctrine of forum non conveniens. The court disagrees.

Pursuant to 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." In determining whether the convenience of parties and the interest of justice require a transfer of venue, the Ninth Circuit has articulated several factors that the district court may consider, including:

> (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof.

*Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000). Further, "the relevant public policy of the forum state, if any, is at least as significant a factor in the § 1404(a) balancing." *Id.* at 499.

While Defendant argues that these factors weigh in favor of dismissal, he fails to put forth any evidence supporting his assertions. Given that the agreements were executed in Hawaii, Hawaii law appears to apply to the agreements' interpretation, and Plaintiff chose to file this action in Hawaii,

Defendant's lack of evidence fails to carry his burden of making "a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum." *Decker Coal Co.*, 805 F.2d at 843. The court therefore DENIES Defendant's Motion to Dismiss for forum non conveniens.

## V. CONCLUSION

Based on the above, the court DENIES Defendants' Motion to Dismiss.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, October 4, 2010.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*Yamagishi v. Sato*, Civ. No. 10-00299 JMS/KSC, Order Denying Defendant's Motion to Dismiss